Michael R. Mushkin, Esq.
Nevada State Bar No. 2421
**MICHAEL R. MUSHKIN & ASSOCIATES**
4475 South Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333
Email: michael@mushlaw.com

Mark Borghese, Esq.
Nevada State Bar No. 6231
**BORGHESE LEGAL, LTD.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 382-0200
Facsimile: (702) 382-0212
Email: mark@borgheselegal.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| BOSTON DENTAL GROUP, LLC, a Nevada limited liability company, | **Case No.: 2:16-cv-** |
| Plaintiff, | **COMPLAINT** |
| vs. | (Jury Trial Demanded) |
| AFFORDABLE CARE, LLC, a North Carolina limited liability company, | |
| Defendant. | |

Plaintiff, Boston Dental Group, LLC, a Nevada limited liability company ("Plaintiff") alleges against Defendant, Affordable Care, LLC, a North Carolina limited liability company ("Defendant") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1331 (actions arising under the laws of the United States), 28 U.S.C. 1338 (acts of Congress relating to trademarks).

2.  The claims asserted in this Complaint are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.  Court has personal jurisdiction over Defendant because said Defendant has purposefully directed its activities at Nevada by: (i) providing business and administrative services, office space, maintenance of office space and equipment, on-site laboratory services, staffing and human resources assistance, inventory and supplies, legal services, marketing, financial services, insurance, and information technology to one or more dental practices in Nevada; (ii) has employees in Nevada (either directly or through an affiliated company); and (iii) manages one or more dental laboratories in Nevada.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because jurisdiction is not founded solely on diversity of citizenship and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5.  Plaintiff, Boston Dental Group, LLC, is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

6.  On information and belief, Defendant Affordable Care, LLC, is a North Carolina company with its principal place of business in Raleigh, North Carolina.

## NATURE OF THE ACTION

7.  This is an action for a declaratory relief of non-infringement of a trademark.

8.  Plaintiff is the owner of the trademark AFFORDABLE DENTAL registered with the United States Patent and Trademark Office ("USPTO").

9.  Defendant is the registered owner of various trademarks registered with the USPTO that include the term AFFORDABLE DENTURES.

10. Plaintiff seeks to have this court enter an order declaring that Plaintiff's trademark use of its registered trademark is not infringement of Defendant's registered trademarks. In addition, or in the alternative, Plaintiff further seeks an order declaring that Defendant has abandoned any rights it may have had in its trademarks through naked licensing, and as a result, Plaintiff's trademark use of its registered trademark is not infringement.

## FACTUAL BACKGROUND

11. Plaintiff is the owner of the registered trademark AFFORDABLE DENTAL ("Plaintiff's Mark"), U.S. Registration No. 4,668,829 for the services "Dentist services; Oral surgery and dental implant services; Orthodontic services; Providing cancer screening services; Teeth whitening services."

12. Plaintiff is owned and operated by Dr. David T. Ting, a Doctor of Dental Medicine, licensed by the state dental boards in Nevada and California.

13. On information and belief, Defendant is the owner of the marks identified in the following U.S. trademark registrations (collectively, "Defendant's Marks"):

    a. U.S. Registration No. 2546707 for AFFORDABLE DENTURES for the services, "dental services."

    b. U.S. Registration No. 2665616 for AFFORDABLE DENTURES A GOOD REASON TO SMILE for the services, "dental services."

    c. U.S. Registration No. 4665777 for AFFORDABLE DENTURE MOMENTS for the services, "dental services, namely, namely, performing restorative and cosmetic procedures, dental hygienist services, oral surgery, dental implant services, and removable dentistry services, namely, inserting dentures, partials and other dental prosthetics."

    d. U.S. Registration No. 4665780 for AFFORDABLE DENTURES (stylized and with a design) for the services, "dental services, namely, namely, performing restorative and cosmetic procedures, dental hygienist services, oral surgery, dental implant services, and removable dentistry services, namely, inserting dentures, partials and other dental prosthetics."

14. Defendant has demanded that Plaintiff cease and desist use of its registered trademark and has filed an action to cancel Plaintiff's Trademark with the Trademark Trial and Appeal Board.

15. As a result of Defendant's correspondence and the cancellation action it filed with the Trademark Trial and Appeal Board, Plaintiff seeks relief in this court.

16. A case or controversy has arisen between Plaintiff and Defendant under 28 § U.S.C. 2201 because there is a dispute concerning Plaintiff's alleged infringement of Defendant's Marks.

## FIRST CLAIM FOR RELIEF

*(Declaration of Non-Infringement of Defendant's Marks)*

17. Plaintiff repeats and re-alleges each and every allegation set forth in this complaint as if set forth here in full.

### No Likelihood of Confusion

18. There is no reasonable likelihood of confusion, mistake, or error in the marketplace for persons of normal perceptive capabilities who are seeking a dentist to confuse Plaintiff's Mark with Defendant's Marks.

19. The marks are distinct visually, in sound, and in overall commercial impression.

20. On information and belief, there has not been a single instance of bona fide consumer confusion between Plaintiff's Mark and Defendant's Marks.

### Lack of Enforceable Trademark Rights Due to Abandonment

21. On information and belief, Defendant has never used Defendant's Marks in commerce for any dental services.

22. On information and belief, Defendant provides no dental services anywhere in the United States.

23. On information and belief, Defendant has never been licensed to provide dental services anywhere in the United States.

24. On information and belief, Defendant licenses the Defendant's Marks to independent third party dentists ("Dentist Licensees").

25. On information and belief, due to the requirements of state dental boards in the United States, Defendant does not – and cannot – exercise any supervisory or other control over the dental services offered by the Dentist Licensees.

26. On information and belief, the corporate officers of Defendant are not licensed to practice dentistry in all of the states where the Subject Marks are used by Dentist

Licensees.

27. On information and belief, Defendant has no corporate officers licensed to practice dentistry in Nevada.

28. On information and belief, Defendant does not provide any direct supervision of the dental services provided by the Dentist Licensees to their patients.

29. On information and belief, Defendant has no ability to control the dental services provided by the Dentist Licensees to their patients.

30. On information and belief, Defendant does not control the quality of the dental services provided by the Dentist Licensees to their patients.

31. On information and belief, Defendant does not consult with Dentist Licensees concerning the dental services provided by the Dentist Licensees to their patients.

32. On information and belief, Defendant does not control the pricing of the dental services provided by the Dentist Licensees to their patients.

33. On information and belief, Defendant has caused the Defendant's Marks to lose any significance as an indication of origin, symbol of quality, or a controlled source.

34. On information and belief, Defendant does not – and cannot – exercise control over the Dentist Licensees to maintain consistency as to the dental services offered under Defendant's Marks.

35. On information and belief, the Defendant's Marks are licensed under "naked licenses" as Defendant does not – and cannot – control the dental services, the quality of dental services, or exercise any supervisory authority over the Dentist Licensees for any dental services offered under the Defendant's Marks.

36. On information and belief, Defendant has abandoned the Defendant's Marks.

37. Plaintiff is entitled to a Declaration and Judgment that Plaintiff has abandoned its marks.

38. Plaintiff is entitled to a Declaration and Judgment that Plaintiff's Mark does not infringe Defendant's rights, if any, in Defendant's Marks, either because the marks are not likely to be confused, or in the alternative, because Defendant has no enforceable trademark rights in Defendant's Marks.

39. Plaintiff has been forced to retain counsel to prosecute this claim and is entitled to recover its attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.      That the Court enter judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

B.      That the Court enter a Declaration and Judgment that Defendant has abandoned any rights it may have had in Defendant's Marks;

C.      That the Court enter a Declaration and Judgment that Plaintiff's Mark does not infringe Defendant's rights in Defendant's Marks;

D.      That an award of interest, reasonable costs, expenses and attorneys' fees be awarded to Plaintiff; and

E.      That Plaintiff be awarded all other relief to which Plaintiff is entitled and such other and further relief as this Court may deem just.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are triable by a jury.

Dated this 12th day of July, 2016.

By: _____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar No. 2421
**MICHAEL R. MUSHKIN & ASSOCIATES**
4475 South Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333
Email:  michael@mushlaw.com

MARK BORGHESE, ESQ.
Nevada State Bar No. 6231
**BORGHESE LEGAL, LTD.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  386-399 (702) 382-0200
Facsimile: (702) 382-0212
Email: mark@borgheselegal.com

*Attorneys for Plaintiff*