SCOTT R. COOK, ESQ.
Nevada Bar No. 005265
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   scook@klnevada.com
          jblum@klnevada.com
-and-
SCOTT J. SLAVICK, ESQ. (IL Bar No. 6256681) – *Pro Hac Vice Pending*
SHARON E. CALHOUN, ESQ. (IL Bar No. 6294212) - *Pro Hac Vice Pending*
**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100
Facsimile: (312) 984-3150
E-Mail:   scott.slavick@bfkn.com
          sharon.calhoun@bfkn.com

Attorneys for Defendant/Counterclaimant
AFFORDABLE CARE, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOSTON DENTAL GROUP, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>AFFORDABLE CARE, LLC, a North Carolina limited liability company,<br><br>            Defendant. | CASE NO. 2:16-cv-01636-RFB-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |
| AFFORDABLE CARE, LLC, a North Carolina limited liability company,<br><br>            Counterclaimant,<br><br>vs.<br><br>BOSTON DENTAL GROUP, LLC, a Nevada limited liability company,<br><br>            Counterdefendant. | |

2265148_3 (9823-1)                          Page 1 of 13

## **STIPULATED PROTECTIVE ORDER**

BOSTON DENTAL GROUP, LLC and AFFORDABLE CARE, LLC (collectively, the "PARTIES"), through their respective counsel and subject to the Court's approval, hereby stipulate and agree as follows, pursuant to Fed. R. Civ. P. 26(c), for the purpose of facilitating the exchange of documents and information without involving the Court unnecessarily in the process.

IT is STIPULATED AND AGREED by and between the PARTIES, acting through their counsel as follows:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents disclosed or produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3. In order to be protected under this Protective Order, a party to the above-captioned action (the "Action"), or a third party responding to a subpoena issued in connection with this Action, must designate information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

4. As used herein, CONFIDENTIAL INFORMATION shall include information and documents in whatever format any party or third party disclosing information or documents in this Action (a "Disclosing Party") reasonably believes contains or discloses the Disclosing Party's financial, personnel, proprietary, confidential, or competitively sensitive information; trade secrets; or other sensitive or currently valuable information that is (a) unavailable to the public, (b) not readily determinable from public sources, (c) generally treated as confidential by the Disclosing Party, and (d) of such a nature that its disclosure reasonably could have an adverse impact on the Disclosing Party.

5. As used herein, ATTORNEYS' EYES ONLY INFORMATION shall mean that

CONFIDENTIAL INFORMATION containing information that, in the good faith determination of the Disclosing Party, is of such a nature that identifiable harm may result to the Disclosing Party or any other individual or entity other than the Receiving Party, whether a party or a non-party to this Action, if that CONFIDENTIAL INFORMATION is disclosed to the other party to this Action.

6. A Disclosing Party shall make such designations only as to materials or testimony that the Disclosing Party believes in good faith contains CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. The failure of any party receiving the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION (a "Receiving Party") to object to the designation as to any material or testimony shall not be deemed the Receiving Party's admission that such material or testimony constitutes confidential material or is otherwise properly protectable under Fed. R. Civ. P. 26(c), or result in a waiver of any privilege or protection, including, without limitation, the attorney-client privilege, that may apply to such material or testimony. CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION shall be used by the Receiving Party solely for the purpose of conducting this litigation, pursuant to the terms and conditions of this Protective Order, and not for any other purpose whatsoever.

7. CONFIDENTIAL INFORMATION, other than that CONFIDENTIAL INFORMATION containing information designated as ATTORNEYS' EYES ONLY INFORMATION, without the consent of the Disclosing Party or further Order of the Court, may be disclosed to the following persons only:

    a. Attorneys actively working on this Action and the partners, associates, legal assistants, or other employees of such attorneys assisting in the prosecution or defense of the Action;

    b. The parties;

    c. The Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in the Action (collectively, "Court Personnel");

      d.    Deponents, trial witnesses, or potential witnesses, if furnished, shown, or disclosed in accordance with Paragraph 10;

      e.    Expert witnesses or consultants (and their employees), employed or retained by any party or that party's counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Action, provided that such information is furnished, shown, or disclosed in accordance with Paragraph 10;

      f.    Any mediator in the Action; and

      g.    Other persons by written agreement of the parties or by court order.

8.    Except with the prior written consent of the Disclosing Party or by court order, ATTORNEYS' EYES ONLY INFORMATION shall not be furnished, shown, or disclosed to any person or entity, including directors, officers, or other employees of the Receiving Party, as applicable, except to:

      a.    Attorneys actively working on the Action and the partners, associates, legal assistants, or other employees of such attorneys assisting in the prosecution or defense of the Action, but not to any in-house counsel of any party;

      b.    Expert witnesses or consultants (and their employees), employed or retained by any party or that party's counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Action, provided that such information is furnished, shown, or disclosed in accordance with Paragraph 10;

      c.    The Court and Court Personnel;

      d.    Any mediator in the Action; and

      e.    Other persons by written agreement of the parties or by court order.

9.    This Protective Order shall not apply to any disclosure if (a) prior written consent to such disclosure has been obtained from counsel for the Disclosing Party, or (b) authorization for such disclosure has been given by the Court. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION may be sought to be offered in evidence at trial or at any Court hearing. Such party that seeks to offer CONFIDENTIAL INFORMATION at trial or at any Court hearing may do so only after taking

such steps as the Court, upon application of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information. The parties shall redact Social Security numbers prior to presenting any document containing CONFIDENTIAL INFORMATION at a deposition of any third party, at a hearing, as part of a court filing, or at trial.

10. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than a party, counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a declaration (a "Declaration") in the form attached hereto as Exhibit A, stating that such person has read this Protective Order and agrees to be bound by its provisions. The Declarations shall be maintained by counsel authorizing the disclosure. The Declarations of persons identified pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure may be inspected by counsel for any other party upon reasonable request. The Declarations of all other persons may be inspected by counsel after the conclusion of the Action (*i.e.*, settlement, summary judgment, trial, and/or all appeals).

11. Documents shall be designated as CONFIDENTIAL INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility and that does not cover any text or content of a document) the following notice: "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER," as applicable, on each and every separate page or item of the CONFIDENTIAL INFORMATION, regardless of form, or on the face of any CD or DVD containing any CONFIDENTIAL INFORMATION in electronic format. Other produced documents that quote, summarize, or contain CONFIDENTIAL INFORMATION must also be marked accordingly to acquire protection under this Order. Any party may designate as CONFIDENTIAL INFORMATION any documents or information that have been produced without such designation by the Disclosing Party by producing to all parties copies of the documents or information with the foregoing legend or by separately identifying such documents by document number or otherwise in a manner that reasonably identifies the subject documents.

12. Documents shall be designated as ATTORNEYS' EYES ONLY INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility and that does not cover any text or content of a document) the following notice: "ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER," as applicable, on each and every separate page or item of the ATTORNEYS' EYES ONLY INFORMATION, regardless of form, or on the face of any CD or DVD containing any ATTORNEYS' EYES ONLY INFORMATION in electronic format.  Other produced documents that quote, summarize, or contain ATTORNEYS' EYES ONLY INFORMATION must also be marked accordingly to acquire protection under this Order.  Any party may designate as ATTORNEYS' EYES ONLY INFORMATION any documents or information that have been produced without such designation by the Disclosing Party by producing to all parties copies of the documents or information with the foregoing legend or by separately identifying such documents by document number or otherwise in a manner that reasonably identifies the subject documents.

13. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-one (21) days after notice by the court reporter of the completion of the transcript.  Unless other arrangements are agreed upon in writing, the parties shall treat all depositions as containing ATTORNEYS' EYES ONLY INFORMATION for twenty-one (21) days following notice by the court reporter of the completion of the transcript.

14. No copies of CONFIDENTIAL INFORMATION shall be made except by or on behalf of counsel for one of the parties in the Action for work product purposes or for review by

persons identified in Paragraph 7, or Paragraph 8 in the case of ATTORNEYS' EYES ONLY INFORMATION, of this Protective Order, as applicable. Any such copies shall be made and used solely for purposes of the Action.

    15. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        a. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION have been improperly designated. A Receiving Party may at any time request that the Disclosing Party cancel or modify the designation with respect to any document or information contained therein.

        b. <u>Timing of Challenges</u>. A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may challenge a designation of confidentiality at any time ("Challenging Party"). Such a challenge shall be written (including email), shall be served on counsel for the Disclosing Party, and shall particularly identify the documents or information that the Challenging Party contends should be differently designated.

        c. <u>Meet and Confer</u>. The parties shall attempt to resolve each challenge in good faith and shall use their best efforts to resolve promptly and informally such disputes. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in a meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within five (5) business days of receipt of the Challenging Party's written challenge.

        d. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge within five (5) business days after receipt of the Challenging Party's written challenge, the Challenging Party shall request, via motion under Local Civil Rule ("LCR") 7-2 (and in compliance with LR IA 10-5, if applicable), that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Disclosing Party. Until a determination by the Court, the

1  information in issue shall be treated as having been properly designated and subject to the
2  terms of this Order.

3  16. In the event the Court enters an Order Pursuant to Rule 502(d) of the Federal
4  Rules of Evidence (a "Rule 502(d) Order") in the Action, the Rule 502(d) Order shall govern and
5  supersede any inconsistent language or provisions in this Protective Order.

6  17. In the event the Disclosing Party discloses two or more identical copies of a
7  document of which at least one copy is designated CONFIDENTIAL INFORMATION or
8  ATTORNEYS' EYES ONLY INFORMATION, and at least one copy is not so designated, once
9  such discrepancy is actually discovered by the Receiving Party, all copies of the document shall
10 be treated as being subject to the most restrictive designation applicable to such document.

11 18. The parties agree that the designation of any document as CONFIDENTIAL
12 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION is not intended to be, and
13 shall not be construed as, an admission that the document is relevant, admissible, not subject to
14 an applicable privilege or protection, reasonably calculated to lead to the discovery of admissible
15 evidence, or any evidence that the content of such document constitutes confidential information.

16 19. Any documents designated as CONFIDENTIAL INFORMATION or
17 ATTORNEYS' EYES ONLY INFORMATION submitted to the Court, including those
18 documents used as exhibits to or incorporated in motions, briefs, memoranda, transcripts, or
19 testimony, or any other documents filed with the Court, shall be protected as follows:

20  a. <u>Materials Filed</u>. Any documents filed with or submitted to the Court that
21  constitute, contain, or reveal CONFIDENTIAL INFORMATION or ATTORNEYS'
22  EYES ONLY INFORMATION, shall be filed with the Court in compliance with LR IA
23  10-5. If a request to file CONFIDENTIAL INFORMATION or ATTORNEYS' EYES
24  ONLY INFORMATION under seal is denied or denied in part by the Court, then the
25  material may be filed in the public record as instructed by the Court.

26  b. <u>Hearings and Trial</u>. At any hearing before the Court, counsel shall in good
27  faith attempt to avoid inadvertently disclosing any CONFIDENTIAL INFORMATION
28  or ATTORNEYS' EYES ONLY INFORMATION. If counsel believes it is necessary to

disclose said materials during a hearing or trial, such counsel shall first confer with opposing counsel and request the Court's guidance as to an appropriate method to preserve the confidentiality of such documents.

   c. <u>Appeal</u>. In connection with any appeal in the Action, all documents designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be subject to the provisions of this Protective Order, and shall be filed with the appellate court as restricted documents and in accordance with the applicable rules of those courts.

20. Nothing in this Protective Order shall preclude a party from seeking, by written agreement of the signatories hereto or by Court Order, further, greater, or lesser protection with respect to documents than is provided for in this Protective Order, or other modification of the Protective Order.

21. This Protective Order may be applicable to documents provided by any non-party from whom discovery is sought in the Action. Such non-party may obtain the protections of the Protective Order by giving written notice to the parties that its provision of documents is subject to the Protective Order. To the extent that any non-party produces documents in the Action that contain confidential information of a party to this Action, that party may designate the information CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by providing written notice to all parties who received the documents within twenty-one (21) days after the disclosure. Until the expiration of the twenty-one (21) day period, all documents and information produced by a non-party shall be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

22. Nothing in this Protective Order shall be construed as a waiver of a party's right to object to any discovery request on any grounds or to object to the admission on any grounds of any documents as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any party of the right to object to the designation of documents as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

23. Nothing in this Protective Order shall be construed to limit in any way a party's

use of its own CONFIDENTIAL INFORMATION, including disclosure of such materials.

24. The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION to the Receiving Party shall not preclude the Disclosing Party from later designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. In the event that the Disclosing Party inadvertently fails to stamp or otherwise to designate information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION at the time of its disclosure, the Disclosing Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

25. Within forty-nine (49) days from the conclusion of the Action (*i.e.*, settlement, summary judgment, trial, and/or all appeals), unless other arrangements are agreed upon in writing, the Receiving Party and its counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in the possession of the Receiving Party and counsel for the Receiving Party, and all copies thereof, produced by the Disclosing Party or otherwise obtained from the Disclosing Party, shall be promptly returned to the Disclosing Party, or, at the written request of the Disclosing Party, destroyed, except such copies, summaries, and excerpts thereof as may be in the files of the Court or incorporated as part of briefs, motions, or similar court papers, and except such summaries or excerpts incorporated as part of work product prepared by counsel for a party to the Action. Notwithstanding this provision, litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

26. Nothing in this Order shall preclude any party, its attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents lawfully obtained from a third party having the right to disclose such information and such information is not otherwise protected from disclosure due to confidentiality, even though the same information or documents may have been produced in discovery in the Action and designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

INFORMATION.

27. Nothing in this Order shall preclude any party to the lawsuit or its attorneys: (a) from showing a document designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION to an individual who either prepared or reviewed the document prior to the filing of the Action, (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, or (c) from showing a party or a witness any document designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by that party or witness.

28. The production of any document or materials, or the presentation of any testimony, by the parties under this Protective Order shall be without prejudice to any subsequent claim that such material is protected from discovery by reason of law, statute, or privilege. No party shall assert in the Action or after the conclusion of the Action that the Disclosing Party has waived any rights or privilege by producing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in the course of the Action. Furthermore, no party shall assert after the conclusion of the Action that production of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in the Action constitutes a waiver of a party's right to assert the material is CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in any concurrent and/or subsequent litigation, arbitration, or proceeding.

29. In the event that additional individuals or entities become parties to the Action, such parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, or any portion thereof.

30. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26 of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL

INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be treated at trial.

31. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

DATED 10th day of January, 2017.

**KOLESAR & LEATHAM**

By: _____
SCOTT R. COOK, ESQ.
Nevada Bar No. 005265
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
-and-
SCOTT J. SLAVICK, ESQ.
(IL Bar No. 6256681) – *Pro Hac Vice*
SHARON E. CALHOUN, ESQ.
(IL Bar No. 6294212) - *Pro Hac Vice*
**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606

*Attorneys for Defendant/Counterclaimant Affordable Care, LLC*

**IT IS SO ORDERED.**

DATED 10th day of January, 2017.

**MICHAEL R. MUSHKIN & ASSOCIATES P.C.**

By:/s/ *Mark Borghese, Esq.*
MICHAEL R. MUSHKIN, ESQ.
Nevada Bar No. 002421
4475 S. Pecos Road
Las Vegas, NV 89121
-and-
Mark Borghese, Esq.
Nevada Bar No. 006231
**BORGHESE LEGAL, LTD.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Plaintiff/CounterDefendant Boston Dental Group, LLC*

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1/11/17

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

# EXHIBIT A
# TO PROTECTIVE ORDER

## DECLARATION

I, _____, declare under penalty of perjury that the following is true and correct:

I have read the Protective Order in *Boston Dental Group, LLC v. Affordable Care, LLC*, 2:16-cv-01636-RFB-CWH, United States District Court for the District of Nevada. A copy of the Protective Order is attached to this Declaration.

I have been informed by _____, counsel for _____, that all materials marked as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" that may be provided to me in connection with my role as a fact or an expert witness in this matter have been designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" as defined in the Protective Order.

I promise that I have not divulged, and will not divulge or undertake to divulge, to any person or recording device, any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shown or told to me except as authorized in the Protective Order, so long as such "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" is subject to the Protective Order. I will not use the "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" for any purpose other than this litigation, so long as such "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" is subject to the Protective Order.

For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

I will abide by the terms of the Protective Order.

_____
[Name]
Address: _____
_____
Telephone No.: _____
Email Address: _____

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472