# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BOSTON DENTAL GROUP, LLC, | Case No. 2:16-cv-01636-RFB-CWH |
| Plaintiff, | |
| v. | |
| AFFORDABLE CARE, LLC, | **ORDER** |
| Defendant. | |

Presently before the Court are Defendant's motion to seal (ECF No. 47) and Plaintiff's motion to seal (ECF No. 48), both filed on August 8, 2017. In both motions, the parties represent that the opposing parties do not oppose sealing the requested documents.

Motions to seal are generally disfavored, in deference to the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* When determining whether a record should be sealed, the court must attempt to balance the competing interests of the public and the party seeking to seal the record. *Id.* at 1179. When attempting to balance these competing interests, the potential embarrassment, incrimination, or exposure to further litigation do not by themselves constitute compelling reasons. *Id.* A court may seal a record only upon a finding of "compelling reasons," in the case of exhibits attached to dispositive motions, or "good cause" for discovery materials. *Id.* at 1178-1179.

In its motion, Defendant argues that certain portions of its responses (ECF Nos. 53, 54, and 55) to Plaintiff's motions for summary judgment include confidential and commercially-sensitive information regarding Defendant's business practices. However, Defendant does not specify which portions of these documents contain such information, only specifying that it requests to seal "the

portions of its responsive briefs that contain sensitive information that have been designated as Confidential or Attorneys' Eyes Only under the Protective order, as well as the supporting exhibits that have been designated as Confidential or Attorneys' Eyes Only under the Protective Order." Defendant's three responses are more than 300 pages in total, the Court cannot determine whether or not compelling reasons exist to seal any particular portion of these responses without more specific information.

As for Plaintiff, it moves for leave to file "portions" of its motion for partial summary judgment (ECF No. 46), but does not specify which portion should be sealed. Plaintiff also fails to argue that compelling reasons exist to seal these materials, other than noting that the information has previously been designated as "Attorney's Eyes Only Information" by Defendant.

IT IS THEREFORE ORDERED that the parties' motions to seal (ECF Nos. 47 and 48) are DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall SEAL ECF Nos. 46, 53, 54, and 55. The Court will unseal these documents if no further motion to seal is filed by August 28, 2017.

DATED: August 8, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge