**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOSTON DENTAL GROUP, LLC, | Case No. 2:16-cv-01636-RFB-CWH |
| Plaintiff, | |
| v. | |
| AFFORDABLE CARE, LLC, | **ORDER** |
| Defendant. | |

Presently before the Court are Plaintiff's motions to seal (ECF Nos. 70, 71), filed on August 25, and 28, 2017. Plaintiff represents that these motions are unopposed.

Motions to seal are generally disfavored, in deference to the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* When determining whether a record should be sealed, the court must attempt to balance the competing interests of the public and the party seeking to seal the record. *Id.* at 1179. When attempting to balance these competing interests, the potential embarrassment, incrimination, or exposure to further litigation do not by themselves constitute compelling reasons. *Id.* A court may seal a record only upon a finding of "compelling reasons," in the case of exhibits attached to dispositive motions, or "good cause" for discovery materials. *Id.* at 1178-1179.

In its first motion to seal (ECF No. 70), Plaintiff moves to seal certain documents provided by Defendant that it has attached to its replies in support of its motions for summary judgment (ECF Nos. 37, 39, 40). Plaintiff represents that these documents have been marked as either "confidential" or "attorney's eyes only," subject to the parties' stipulated protective order (ECF No. 19). Plaintiff provides no other specific information or argument as to why these documents should be sealed. The

Court does not find a compelling reason to seal these documents.

In its second motion to seal (ECF No. 71), Plaintiff moves to seal certain documents provided by Defendant that it has attached to its response to Defendant's motion for summary judgment (ECF No. 46), as well as an attachment to Defendant's response to Plaintiff's motion for summary judgment (ECF No. 59). Plaintiff argues that these documents contain its own detailed financial information, as well as information regarding Defendant's confidential business practices, such as service and lease agreements. Given the potential for misuse of such information, the Court finds compelling reason to seal these documents.

IT IS THEREFORE ORDERED that Plaintiff's motion to seal (ECF No. 70) is DENIED without prejudice. The Court will unseal these documents if no further motion to seal is filed by September 11, 2017.

IT IS FURTHER ORDERED that the Plaintiff's motion to seal (ECF No. 71) is GRANTED.

DATED: August 28, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge